IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES BERNARD JONES, JR.,

      Petitioner,                    No. CIV S-06-2583 JAM EFB P

   vs.

M.C. KRAMER,

      Respondent.            <u>ORDER</u>

                             /

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondent moves to dismiss on the ground that petitioner failed to exhaust available state remedies with respect to his second claim. Resp.'s Mot. to Dism., at 4:22-24. Petitioner concedes that his second claim is unexhausted and requests that the court stay this action and hold it in abeyance while he exhausts the available state remedies with respect to his second claim. Pet.'s Resp. to Mot. to Dism., at 1:21-22, 1-2:28-3. For the reasons explained below, the court finds that the petition contains both exhausted and unexhausted claims and orders petitioner to show good cause for his failure to exhaust his second claim, or in the alternative, to file an amended petition with exhausted claims only.

////

**I.        Procedural History**

On November 23, 2004, petitioner was convicted in Sacramento County Superior Court of cohabitant abuse, assault, criminal threats, and child endangerment. Resp.'s Mot. to Dism., Ex. 1. He was sentenced to an aggregate term of twelve years in state prison. *Id.,* Ex. 3.

On January 7, 2005, petitioner timely appealed this judgment to the California Court of Appeal, Third Appellate District. *Id.,* Ex. 4. On March 10, 2006, the state appellate court affirmed the judgment and sentence. Pet., Ex. A at 7. As the state appellate court noted in its opinion, petitioner's sole contention on appeal was "that his conviction for making criminal threats . . . must be reversed because it [was] not supported by substantial evidence." *Id.,* Ex. A at 3; *see also* Resp.'s Mot. to Dism., Ex. 7 (including a copy of petitioner's opening appellate brief, which raised only one argument - that there was insufficient evidence to support his conviction for making criminal threats). On May 24, 2006, the California Supreme Court denied his petition for review. Resp.'s Mot. to Dism., Ex. 11.

While his appeal with the state appellate court was pending, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court alleging that he was being illegally detained because he had been deprived of effective assistance of counsel. *Id.,* Ex. 5. Specifically, petitioner claimed that defense counsel "should have [moved] for [a] new trial, based on perjured testimony [that was] used to falsely convict defendant." *Id.* On March 8, 2005, the Sacramento County Superior Court denied his petition. *Id.,* Ex. 6.

On November 17, 2006, petitioner filed the instant petition alleging that: (1) his conviction for making criminal threats was not supported by substantial evidence; and (2) if there was sufficient evidence to support the conviction for making criminal threats, then petitioner was entitled to a jury instruction on a lesser included offense, and his attorney rendered ineffective

////

2

assistance for failing to request such an instruction.[1]  Pet., 6, unnumbered page 15:10-21, Ex. A at 3.

## II.     Standards

A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no state corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement by presenting the "substance of [his] federal habeas corpus claim" to the state courts.  *Picard v. Connor*, 404 U.S. 270, 278 (1971) (no exhaustion where the petitioner presented operative facts but not legal theory to state courts); *see also Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution").  A claim is unexhausted if any state remedy is available.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (petitioner must seek discretionary review from state court of last resort); *Roberts v. Arave*, 847 F.2d 528, 529 (9th Cir. 1988) (no exhaustion where state supreme court referred petitioner's appeal of trial court's denial of post-conviction relief to lower appellate court and petitioner failed to appeal lower court's disposition of that appeal to the state supreme court).

A mixed petition, i.e., one containing exhausted and unexhausted claims, ordinarily must be dismissed.  *Rose v. Lundy*, 455 U.S. 509, 522 (1982).  However, the court may stay a mixed petition to allow a petitioner to present unexhausted claims to the state courts.  *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).  Since "granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district

---

[1] Although the instant petition indicates that four grounds for relief are raised, the attached pages, to which the petition refers, reveal that petitioner only raises the two grounds for relief specified above.  *See* Pet., 5-6 (stating "see attached sheets" for grounds one through four).

court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277.

### III. Analysis

For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or in post-conviction in a petition for a writ of habeas corpus. *See Carey v. Saffold*, 536 U.S. 214 (2002) (describing California's habeas corpus procedure); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (to exhaust, prisoner must present claims on appeal to California Supreme Court in a petition for review). As respondent concedes, petitioner exhausted his first claim by direct appeal. Resp.'s Mot. to Dism., at 4:21-22. Petitioner did not, however, present his second claim to the California Supreme Court in his petition for review nor has he shown that he presented his second claim to that court in a habeas petition. Therefore, and as petitioner concedes, his second claim is unexhausted.

As noted above, and as requested by petitioner, the court may stay this action and hold it in abeyance while petitioner presents his second claim to the California Courts. *Rhines*, 544 U.S. at 277-78. However, petitioner carries the burden of demonstrating that he has good cause for his failure to exhaust, that the unexhausted claim potentially has merit and that petitioner has not engaged in intentionally dilatory litigation tactics. *Id.* Petitioner has not addressed any of these factors in his February 1, 2008 response to respondent's December 31, 2007, motion to dismiss. He merely requests that the court invoke the stay-abeyance procedure.

Accordingly, it is hereby ORDERED that:

1. Petitioner has 30 days from the date of this order to file an amended petition including exhausted claims only or to request a stay, explaining why this court should stay this action and hold it in abeyance by making the "good cause" showing required by the United States Supreme Court in *Rhines*. Petitioner's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

4

2. The Clerk of the Court is directed to terminate docket entry number 9.

DATED: August 27, 2008.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE